UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERNEST L. DIXON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY BRISCOE,<br><br>　　　　　　Defendant. | Civil Action 11-873 (BJR)<br>ORDER DISMISSING CASE |

MEMORANDUM OPINION

This matter comes before the Court upon Defendant Gregory Briscoe's motion to dismiss plaintiff Ernest Dixon's complaint [Dkt. #3]. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the District of Columbia Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. The Court sent such notice to the address entered by the plaintiff in his complaint. This notice was returned as undeliverable without explanation as to which part of the address was incorrect [Dkt. #5]. Upon consultation of the United States Postal Service address database, the Court noted that the zip code plaintiff entered was incorrect for the stated address. Furthermore, the Court read the address handwritten by the plaintiff to potentially include a variation of the street and apartment numbers originally used by the Court in its first mailing. Thus, the Court corrected the zip code and created a separate permutation of plaintiff's address and, on January 6, 2012, sent plaintiff notice a second time to two separate addresses. The noticed advised that failure to respond would result in

dismissal. One of the notices was returned as deliverable. Thirty days have passed since the second mailing. Dixon has neither responded to this motion nor sought an extension of time in which to do so. The Court therefore concludes that it has taken sufficient steps to notify Dixon of the applicable deadlines and that, under Local Civil Rule 7(b) his failure to respond to Briscoe's motion to dismiss requires dismissal of this case.[1] An appropriate order accompanies this memorandum opinion.

        Barbara J. Rothstein
        United States District Judge

---

[1] Local Civil Rule 7(b), which governs oppositions to motions, provides that "[w]ithin 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [to dismiss]. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b).